**UNITED STATES COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>JAMES LESTER BROWN, JR. | Cr. No. 1:10-cr-00310-007 RCL<br><br>**DEFENDANT BROWN'S MOTION TO SUPPRESS ELECTRONIC SURVEILLANCE AND DERIVATIVE PHYSICAL EVIDENCE (AMENDED)** |

COMES NOW, the defendant, by and through Joseph Conte, 400 Seventh St., N.W., Suite 400, Washington, D.C. 20004 to respectfully request this Honorable Court, pursuant to Rule 12(b)(b) of the Federal Rules of Criminal Procedure and 18 U.S.C. §2518, to suppress as evidence at trial all electronic surveillance evidence and all other evidence derived therefrom. As grounds for this motion counsel would state:

## BACKGROUND

Mr. Brown is charged in one count of a four count superseding indictment with conspiracy to distribute and possess with intent to distribute 500 grams or more of cocaine and 280 grams or more of cocaine base in violation of 21 U.S.C. § 846. The charges against Mr. Brown stem, in large part, from information gathered during electronic surveillance of wire communications to and from **cellular** telephone numbers 202.609.4333 and 301.379.4379. Electronic surveillance began on July 23, 2010, and continued to August 21, 2010. The government indicates that it intends to introduce the seized evidence during the trial of the defendant in this case. The defendant respectfully submits that the evidence was unlawfully seized, and is therefore inadmissible. Thus the defendant is seeking an order from this Court

suppressing the evidence and any evidence derived therefrom as "fruits of the poisonous tree." *See Wong Sun v. United States*, 371 U.S. 471 (1963).

## ARGUMENT

### I. Standing:

18 U.S.C. § 2518(10)(a) provides that "[a]ny aggrieved person in any trial, hearing, or proceeding in or before any court… may move to suppress the contents of any wire or oral communication intercepted pursuant to this chapter, or evidence derived therefrom, on the grounds that – (I) the communication was unlawfully intercepted…" Section 2510(11) defines an "aggrieved person" as a "person who was a party to any intercepted wire, oral, or electronic communication…" Thus, Mr. Brown is an "aggrieved person" who has standing to challenge the use of the evidence derived as a result of the electronic surveillance since Mr. Savoy's cell phones were targeted numbers based on the application for the wiretap.

### II. The affidavit did not contain the necessary authorization:

Paragraph 4 of the government's Application for Interception of Wire Communications[1] cites 18 U.S.C. §2516 as conferring the authorization for application of the wire interception. However, the application in the instant case is for interception of communications over two cellular telephones. Applications for interception of wire communications over cellular telephones is covered by 18 U.S.C. §2518(11)(b)(i) and **not** §2516. Section 2518(11)(b)(i) requires that the "Attorney General, the Deputy Attorney General, the

[1]Counsel has been advised by counsel for the United States that the United States will be filing this document with the court as part of their response to all the suppression motions.

Associate Attorney General, an Assistant Attorney General, or an acting Assistant Attorney General" approve the application. The application for the wiretap was authorized by John C. Keeney, Deputy Assistant Attorney General, Criminal Division and he is not authorized by the statute to authorize interception of wire communications for cellular phones.

The Supreme Court has held that primary and/or derivative evidence secured by wiretaps pursuant to court order issued in response to applications which was not in fact authorized must be suppressed. *See United States v. Giordano*, 416 U.S. 505 (1974) and *United States. V. Chavez*, 416 U.S. 562 (1974).

WHEREFORE counsel respectfully requests that this motion be granted.

Respectfully submitted,

/s/ *Joseph R. Conte*

Joseph R. Conte, Bar #366827
Counsel for James Lester Brown, Jr.
Law Office of J.R. Conte
400 Seventh St, N.W., #400
Washington, D.C. 20004
Phone: 202.638.4100
Fax: 202.628.0249
E-mail: dcgunlaw@gmail.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a copy of the foregoing was served by Electronic Case Filing to all parties this 9th day of November 2011

/s/ *Joseph R. Conte*

Joseph R. Conte, Bar #366827
Counsel for James Lester Brown, Jr.
Law Office of J.R. Conte
400 Seventh St, N.W. #400
Washington, D.C. 20004
Phone: 202.638.4100
Fax: 202.628.0249
E-mail: dcgunlaw@gmail.com